# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>        Plaintiff,<br><br>    v.<br><br>HOLLAND, et al.,<br><br>        Defendants. | Case No. **1:14-cv-01704-LJO-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br><br>**(Doc. 2)**<br><br>**30-DAY DEADLINE** |

      Plaintiff, Adrian Moon, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on October 31, 2014. On that same date, Plaintiff filed an application to proceed in forma pauperis, which is now pending before the Court.

      "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

      The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, judicial notice is taken of *Moon v. A. Aquino, et al.,* Case Number 1:13-cv-00681-LJO-DLB (PC). In that action, an order issued denying Plaintiff's

application to proceed *in forma pauperis* as Plaintiff had at least five strikes[1] under section 1915(g) prior to its filing and finding that Plaintiff had not shown that he was in imminent danger of serious physical injury at the time he filed suit which precluded him from proceeding *in forma pauperis*.

This action is no different.  Plaintiff's claims in this action arise out of events occurring from April 4, 2014 through October 26, 2014.  Plaintiff complains of being forcibly removed from carpentry class, strip searched, placed in the secured housing unit ("SHU"), and that false rule violation reports ("RVRs") were filed against him. (Doc. 1, Comp., pp. 5, 6.)  Plaintiff alleges that this amounted to kidnapping and being held hostage.  (*Id.*, at p. 4.)  Plaintiff contends that, at the time of hearings on the RVRs he was told that if he dropped various inmate appeals/grievances and lawsuits that he had pending, he would be found not guilty of the RVRs. (*Id.*, at pp. 8-12.)  Plaintiff declined all such offers and was found guilty of the RVRs under which he was being held in the SHU/"Maximum Isolation." (*Id.*)  Prior to being found guilty of the first false RVR, Plaintiff alleges that he was told that all of his personal and legal property had been stolen and/or tampered with.  Plaintiff alleges that since his "abduction and kidnapping" into the SHU (*id.*, at p. 19), he has been denied outside yard time, has had limited access to the showers, no clock to be able to tell time, no access to the law library, has had his personal and legal property stolen, that his legal mail has been delayed and/or tampered with (*id.*, at pp. 16-17) and is subjected to "bobby-traps" set with the intent to cause serious physical injury such as when prison staff require him to wear his flip-flops to walk down the stairs to the showers (*id.*, at p. 19-20), several times there have been objects on the stair steps to cause Plaintiff to stumble (*id.*).  Another time, a sergeant yelled "If you don't drop the complaint, lawsuit, we are going to harm you, you weirdo." (*Id.*, at p. 20).

Plaintiff's allegations do not establish that he was facing imminent danger of serious

---

[1] The cases relied on in that action were Case Nos. 12-5754-UA (MLG), CV 12-7697-UA (MLG), CV 12-1514-UA (MLG), EDCV 12-632-UA (MLG), and CV 12-4972 (MLG) among others. The Court also notes that *Moon v. Junious, et al.*, 1:12-cv-00096 GSA was dismissed on March 27, 2013, for Plaintiff's failure to state a claim. Plaintiff appealed the action, but the notice of appeal was timely as to only two post-judgment motions. The appeal was found to be on issues so insubstantial as not to require further argument and the district court's post-judgment orders were summarily affirmed.

physical injury at the time the complaint was filed. Plaintiff's allegations, even if true, do not demonstrate that Plaintiff was, at any time, facing imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1055-56. Plaintiff has submitted a catch-all complaint, filled with general legal conclusions, as has been his practice in numerous other actions, alleging every conceivable generalized form of harm (i.e. "serious physical and psychological pain, suffering, and injury" (*id.*, at p. 20)) related to a myriad of issues. Indeed, allegations of being placed in the SHU based on false RVRs, having your property and/or mail tampered with, and being subjected to various verbal abuses and/or threats are unpleasant, but they do not rise to the level of physical injury.

To the extent that Plaintiff makes allegations that could, theoretically, cause physical harm, he does not state any physical injuries that he has actually sustained by the similar events that he alleges have been occurring over the past seven months. No doubt, being subjected to the various forms of retaliation that he alleges is stressful and would likely chill a person of ordinary firmness from pursuing further legal actions, but none of it had caused, or is likely to cause serious physical injury in the future. Plaintiff's allegations do not establish that he was facing imminent danger of serious physical injury at the time the Complaint was filed.

The Court also notes that, along with the Complaint, Plaintiff filed a request for preliminary injunction/temporary restraining order seeking an order prohibiting Defendants from engaging in the acts he alleges in the Complaint. This motion does not present grounds for altering the above analysis.

Thus, the Court recommends that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be ordered to pay the filing fee for this action in full.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied; and
2. Plaintiff be ordered to pay the $400.00 filing fee in full.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 30 days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **November 5, 2014**                     **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE