# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLLAND, et al.,<br><br>    Defendants. | **Case No. 1:14-cv-01704-LJO-JLT (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docs. 2, 7, 8, 9)** |

    Plaintiff, Adrian Moon, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On November 5, 2014, the Magistrate Judge issued a Finding and Recommendation ("the F&R") to deny Plaintiff's motion to proceed in forma pauperis in this action, finding that he was barred under 28 U.S.C. §1915(g) since Plaintiff had at least five strikes prior to the filing of this action and that Plaintiff failed to show that he was in imminent danger of serious physical injury at the time he filed suit. (Doc. 7.) This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days. (*Id.*) Plaintiff did not file any objections. He did, however, file a motion to amend and a first amended complaint which are construed as his objections to the F&R. (Docs. 8, 9.)

    As was accurately stated in the F&R, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if he or she has, on three or more prior occasions, while incarcerated or detained,

1

brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Such dismissals are colloquially referred to as "strikes." As also accurately noted in the F&R, Plaintiff had at least five strikes[1] under section 1915(g) prior to filing this action. Thus, Plaintiff may only proceed under section 1915(g) if he meets the imminent danger of serious physical injury exception.

The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . . is the most sensible way to interpret the imminency requirement." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir.2007), citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.2003). *Andrews* held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. *See Andrews* at 1053.

As found in the F&R, Plaintiff's Complaint does not satisfy the imminent danger exception -- restrictive housing (even extremely so), false RVRs, limited privileges, property thefts, tampering with mail, being required to wear flip-flops to walk down the stairs to the showers, "bobby-traps" that have not amounted to any injury, and verbal threats pose no imminent danger. *See Andrews,* at 1056-57 (a prisoner must show that prison officials continue with a practice that has injured him or others similarly situated in the past to satisfy the "ongoing danger" standard and meet the imminence prong of the three-strikes exception). Plaintiff cites no authority to support his argument that housing in "maximum isolation" amounts to imminent danger of serious physical injury and the Court finds none.

Plaintiff's new statements that attempt to add three pending, related cases and define the terms "maximum isolation facility" and "RVR" (*see* Doc. 9, pp. 1-2; Doc. 8, pp. 1-2) do not show an imminent danger of serious physical injury.

---

[1] *See* Case Nos. 12-5754-UA (MLG), CV 12-7697-UA (MLG), CV 12-1514-UA (MLG), EDCV 12-632-UA (MLG), and CV 12-4972 (MLG) among others. The Court also notes that *Moon v. Junious, et al*., 1:12-cv-00096 GSA was dismissed on March 27, 2013, for Plaintiff's failure to state a claim. Plaintiff appealed the action, but the notice of appeal was timely as to only two post-judgment motions. The appeal was found to be on issues so insubstantial as not to require further argument and the district court's post-judgment orders were summarily affirmed.

A few of Plaintiff's new statements require greater analysis, though likewise fail to show an imminent danger of serious physical injury.  To wit, Plaintiff now states that several judges (including the undersigned and the Magistrate Judge assigned to this action) "criminally conspired . . . in the illicit closing" of Plaintiff's action in the United States District Court in the Northern District of California so as to continue his confinement in maximum isolation because he filed "complaints against them causing them to be forcible [sic] 'retired' as judges."  (Doc. 8, at 22:22-24:15.)  These statements are simply not facially plausible under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871).  Judicial immunity is not lost by Plaintiff's allegations that these judges "criminally conspired" -- even if with a third party.  As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies.  *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).  All of the judges Plaintiff attempts to name in this action are absolutely immune from liability in this action since Plaintiff's statements against them are solely based on prior adverse rulings.  (*See* Doc. 8, at 22:22-24:15.)

If Plaintiff hoped that attempting to add the named judges as defendants in this action would result in recusal, he is remiss.  Recusal is appropriate under 28 U.S.C. § 455(a) when a judge's "impartiality may be reasonably questioned," and under § 455(b)(1) of that same code when the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The standard for recusal is ". . . whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned . . . .  The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer.  The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Miles v. Ryan*, 697 F.3d 1090 (9th Cir. 2012) quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir.2008).  "To provide grounds for recusal, prejudice must result from an extrajudicial source.  A

1 judge's previous adverse ruling alone is not sufficient bias." *Duckworth v. Department of* Navy,
2 974 F.2d 1140, 1142 (9th Cir. 1992) quoting *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
3 1984).  Plaintiff's statements against the judges he attempted to name in this action do not provide
4 basis for recusal since they are solely based on previous adverse rulings.  (*See* Doc. 8, at 22:22-
5 24:15.)

6 Finally, as also discussed in the F&R, Plaintiff's retention in more constrained housing (be
7 it "maximum isolation" or otherwise) does not amount to plaintiff being placed in imminent
8 danger of serious physical injury such that his additional and/or corrected statements that a
9 number of prison staff filed a false RVR against him in retaliation to cause his continued retention
10 in maximum isolation (*see id.*, at 24:16-25:18) does not provide a basis upon which to grant
11 Plaintiff leave to proceed *in forma pauperis*.

12 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
13 *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the F&R to
14 be supported by the record and by proper analysis.  Plaintiff does not satisfy the imminent danger
15 exception to section 1915(g).  *See Andrews*, 493 F.3d at 1055-56.  Therefore, Plaintiff must pay
16 the $400.00 filing fee if he wishes to litigate the claims he raises in this action.

17 Accordingly, IT IS HEREBY ORDERED that:
18 1. The Finding and Recommendation, filed November 5, 2014 (Doc. 7), is adopted in
19 full;
20 2. Within thirty days from the date of service of this order, Plaintiff is required to pay
21 the $400.00 filing fee for this action in full; and
22 3. Plaintiff's failure to comply with this order shall result in the dismissal of this
23 action.
24 IT IS SO ORDERED.

25 Dated:   **December 3, 2014**                          /s/ Lawrence J. O'Neill
26 UNITED STATES DISTRICT JUDGE

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28