1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>          Plaintiff,<br><br>    v.<br><br>HOLLAND, et al.,<br><br>          Defendants. | **Case No.  1:14-cv-01704-LJO-JLT (PC)**<br><br>**ORDER OVERRULING OBJECTIONS AND DENYING RECONSIDERATION**<br><br>**(Docs. 11, 12)** |

Plaintiff, Adrian Moon, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 5, 2014, the Magistrate Judge issued a Finding and Recommendation ("the F&R") to deny Plaintiff's motion to proceed in forma pauperis in this action, finding that he was barred under 28 U.S.C. §1915(g) since Plaintiff had at least five strikes prior to the filing of this action and that Plaintiff failed to show that he was in imminent danger of serious physical injury at the time he filed suit.  (Doc. 7.)  This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days.  (*Id.*)  Plaintiff filed a motion to amend and a first amended complaint which were construed as his objections to the F&R.  (Docs. 8, 9.)

The order adopting the F&R issued (Doc. 10) and apparently crossed in the mail with Plaintiff's objections to the F&R (Doc. 11).  Subsequently, on December 8, 2014, Plaintiff filed a document entitled "Ex Parte Application for Emergency Motion for Notice of Receipt and

1

1    Rulings on Ex Parte Application for Leave of Court to Amend First Amended Verified Complaint

2    and First Amended Complaint and Objections to Magistrate Judges Findings and

3    Recommendations" ("the Ex Parte App").  (Doc. 12.)  The Ex Parte App is construed as a motion

4    for reconsideration of the order adopting the F&R.

5         In his objection, Plaintiff appears to argue that *Moon v. Aquino, et al.*, Case No. 1:13-cv-

6    00681-LJO-DLB (PC) should not be counted as a strike for purposes of § 1915(g).  (Doc. 11,

7    p.3.)  However, *Moon v. Aquino, et al.* was relied on not as a strike under §1915(g) in this action,

8    but was merely cited to show that Plaintiff had more than three strikes prior to his filing this

9    action[1]-- which was completely appropriate.  Plaintiff requests confirmation that his motion to

10   amend and proposed first amended complaint were received.  To that end, the Clerk of the Court

11   is ordered to provide Plaintiff a copy of the docket in this action.

12        In his Ex Parte App, Plaintiff recounts the dates the he mailed his motion for leave to

13   amend the complaint, his proposed first amended complaint, and his objections to the F&R, and

14   indicates that he has requested a ledger of outgoing and incoming legal mail for the month of

15   November and the few days in December, but argues that many of his mailings have not been

16   received by the courts, FBI, Internal Affairs, CDCR, County of Kern, District Attorny's Office.

17   (Doc. 12, p. 2.)  Plaintiff then alleges that the Magistrate Judge assigned to this case, Jennifer L.

18   Thurston, criminally conspired with Defendant Douglas McCommick into capitulating Plaintiff

19   Moon into a rage with their criminal misconduct."  (*Id.*)  Plaintiff also states that "the United

20   States Ninth Circuit Court reversed Defendant Lawrence J. O'Neils criminal order and determined

21   that Plaintiff Moon has been under imminent danger of serious physical injury since his abduction

22   and kidnapping back on August 13, 2013."  (*Id,*, at p. 3.)  However, the evidence Plaintiff submits

23   in support does not show anything of the sort.

24        Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

25   _____

26   [1] The cases relied on in that action were Case Nos. 12-5754-UA (MLG), CV 12-7697-UA (MLG), CV 12-1514-UA
     (MLG), EDCV 12-632-UA (MLG), and CV 12-4972 (MLG) among others.  The Court also noted that *Moon v.*

27   *Junious, et al.*, 1:12-cv-00096 GSA was dismissed on March 27, 2013, for Plaintiff's failure to state a claim.  Plaintiff
     appealed the action, but the notice of appeal was timely as to only two post-judgment motions.  The appeal was found
     to be on issues so insubstantial as not to require further argument and the district court's post-judgment orders were

28   summarily affirmed.

for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, commission of clear error, or an intervening change of law to support his motion.

Despite the fact that Plaintiff is unhappy with the consequences, as was accurately stated in the F&R and order adopting, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if he or she has, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. As also accurately noted in the F&R and order adopting, Plaintiff had at least five strikes under section 1915(g) prior to filing this action and his allegations do not show that he was under imminent danger of serious physical injury at the time this action was filed.

Finally, as also previously addressed, Plaintiff's continuing allegations against judicial officers neither eliminates the absolute immunity that they are entitled to for judicial actions taken within the exercise of their judicial functions, *see Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir.

1  2008) quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871); *Ashelman v.*

2  *Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986), no requires their recusal, *see Miles v. Ryan*, 697 F.3d

3  1090 (9th Cir. 2012) quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir.2008);

4  *Duckworth v. Department of* Navy, 974 F.2d 1140, 1142 (9th Cir. 1992) quoting *Mayes v.*

5  *Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

6        Plaintiff's disagreement with the Court's order is neither sufficient to sustain his objections

7  nor grant reconsideration.

8        Accordingly, it is HEREBY ORDERED that Plaintiff's objections to the F&R to revoke *in*

9  *forma pauperis* status, filed December 4, 2014 (Doc. 11), are OVERRULED; to the extent that

10  the document Plaintiff filed on December 8, 2014 (Doc. 12) objects to the F&R and/or the order

11  adopting, it is HEREBY OVERRULED; and to the extent that the document Plaintiff filed on

12  December 8, 2014 seeks reconsideration of the order adopting, it is HEREBY DENIED.

13  IT IS SO ORDERED.

14     Dated:    **December 11, 2014**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

4