# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOLLAND, et al.,<br><br>　　　　　Defendants. | **Case No. 1:14-cv-01704-LJO-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER and TO DENY PLAINTIFF'S REQUESTS FOR TEMPORARY RESTRAINING ORDERS AND SANCTIONS FOR LACK OF JURISDICTION**<br><br>**(Docs. 7, 10, 14, 15, 16, 17, 18)**<br><br>**30-DAY DEADLINE** |

Plaintiff, Adrian Moon, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint in this action on October 31, 2014. On that same date, Plaintiff filed an application to proceed *in forma pauperis*. (Doc. 2.) The Court denied Plaintiff's application to proceed *in forma pauperis* and ordered him to pay the $400.00 filing fee in full within thirty days. (Docs. 7, 10.)

Though Plaintiff objected, the Court overruled the objections and considered, even, whether reconsideration should be granted; however, this too was denied. (Docs. 11, 13.) More than thirty days have passed from the order directing Plaintiff to pay the filing fee in full and he has failed to do so; rather, Plaintiff filed four motions for temporary restraining orders (*see* Docs. 14, 15, 16, 18) and one for sanctions which seeks similar result and calculates monetary damages until achieved which is properly construed as a motion for temporary restraining order (*see* Doc.

17).

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. Though Plaintiff submitted a completed application to proceed *in forma pauperis*, it was denied because Plaintiff had more than three strikes against him and did not meet the imminent danger of serious physical exception per 28 U.S.C. § 1915(g) at the time this action was filed. Based on Plaintiff's ineligibility to proceed *in forma pauperis* and his failure to comply with the Court's order to pay the filing fee in full, dismissal of this action is appropriate. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

The analysis regarding Plaintiff's requests for temporary restraining orders is substantially identical to that for a preliminary injunction, *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), and a "preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Plaintiff's Complaint has not been screened due to his failure to pay the filing fee. Thus, there is no verification whether Plaintiff is able to state any claim upon which relief may be granted. Thus, this Court will not consider Plaintiff's requests for temporary restraining orders.

It is noted that in Plaintiff's "Ex Parte Application Emergency Motion Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(b)" he once again comments on possibly and raises the suggestion that he might have basis to file a criminal/judicial misconduct complaint against District Judge Lawrence O'Neill, the undersigned, and Magistrate Judges Dennis L. Beck, Gary S. Austin, and Michael J. Seng.  (*See* Doc. 16, 3:11-19.)  As stated in the order adopting the findings and recommendation to deny Plaintiff's application to proceed *in forma pauperis*, the judges he names are " . . . absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'"  *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  Further, Plaintiff's comments that these judges are directing Warden Holland to direct prison staff to act adversely to Plaintiff's interests are fanciful and simply not facially plausible under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), nor do they suffice as a basis for recusal under 28 U.S.C. §455(a), *see also Miles v. Ryan*, 697 F.3d 1090 (9th Cir. 2012) quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir.2008) (The standard for recusal is ". . . whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned . . . .  The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer.  The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.").

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED without prejudice for Plaintiff's failure to pay the $400.00 filing fee in full;
2. That Plaintiff's motions for temporary restraining orders (Docs. 14, 15, 16, 17, 18) be DISREGARDED; and
3. That Plaintiff's motion for contempt/sanctions (Doc. 17) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written

3

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 14, 2015**             **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE